UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUZ MIRELES, *et. al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>PARAGON SYSTEMS INC.,<br><br>          Defendant. | Case No.: 3: 13-cv-00122-L-BGS<br><br>**ORDER DENYING MOTION TO STRIKE [Doc. #34.]** |

On May 24, 2013, Plaintiffs filed a motion to strike three affirmative defenses from Defendant Paragon Systems, Inc.'s First Amended Answer. [Doc. # 34.] The motion has been fully briefed and is decided without oral argument.

**1.    Background**

Plaintiffs, on behalf of themselves and all others similarity situated, filed this putative class action against Defendant seeking unpaid wages and compensation for withheld meal and rest periods. (Comp. ¶ 1.) Defendant, a California corporation conducting substantial business in San Diego County, employed the named Plaintiffs as security officers. (*Id.* ¶¶ 4-18.) Plaintiffs assert eight causes of action: (1) failure to provide meal period premium pay under California Labor Code §§ 226.7, 512 and California Code of Regulations Title 8, § 11040; (2) failure to provide rest break premium pay under California Labor Code §§ 226.7, 512 and California Code of Regulations Title 8, § 11040; (3) failure to pay overtime premium pay under California Labor

Code §§ 510 and 1198; (4) failure to reimburse/indemnify under California Labor Code § 2802; (5) failure to provide accurate itemized wage statements under California Labor Code §§ 226 and 1174; (6) failure to promptly pay wages owed under California Labor Code §§ 201-204; (7) unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et. seq.*; and (8) violation of California Private Attorney General Act of 2004 ("PAGA").

Defendant answered, asserting thirty-six affirmative defenses. [Doc. # 30.] Plaintiffs move to strike Defendant's 29th, 35th and 28th affirmative defenses as insufficient.

## 2. Rule 12(f) Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are "generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). A federal court will not exercise its discretion under Rule 12(f) to strike a pleading unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Ollier v. Sweetwater Union High Sch. Dist.*, 735 F. Supp. 2d 1222, 1223 (2010). In other words, "[m]otions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation." *In re Facebook PPC Adver. Litig.*, 709 F.Supp.2d 762, 773 (N.D. Cal. 2010). When considering a motion to strike, the court "must view the pleadings in a light most favorable to the pleading party." *In re 2TheMart .com, Inc.*, 114 F. Supp. 2d 955, 965 (2000). Finally, Rule 12(f) "does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 971 (2010).

As noted above, a court may strike a pleading that is: (1) redundant, (2) immaterial, (3) impertinent, or (4) scandalous. FED. R. CIV. P. 12(f). An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *Cal. Dept. of Toxic Substances Control v. ALCO Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). An "impertinent" allegation is neither responsive nor relevant to the issues

involved in the action. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (1993) (rev'd on other grounds). A scandalous pleading is one which "improperly casts a derogatory light on someone, most typically on a party to the action." *Aoki v. Benihana, Inc.*, 2012 WL 899691 at *3 (D. Del. 2012) (internal citations omitted).

**3.     Discussion**

**a.     Plaintiffs' Request for Judicial Notice**

"Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of a fact that is not 'subject to reasonable dispute' because 'it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' Judicial notice 'may be taken at any stage of the proceeding.' Further, judicial notice is mandatory 'if requested by a party and supplied with the necessary information.' " *Austero v. Aurora Loan Servs. Inc.*, C-11-00490 JCS, 2011 WL 1585530 (N.D. Cal. Apr. 27, 2011) (citing Fed. R. Evid. 201(a, f, d)).

Plaintiffs ask the Court to take judicial notice of the following documents:

1.     Exhibit A: Copy of the Collective-Bargaining Agreement ("CBA") between Paragon Systems Incorporated and the United Government Security officers of America International Union, and its affiliated Local 52, effective March 17, 2008. This document was previously attached to Defendant's Notice of Removal filed January 16, 2013.

2.     Exhibit B: Copy of the CBA between Paragon Systems Incorporated and the United Government Security Officers of America International Union, and its affiliated Local 52, effective November 20, 2010. This document was previously attached to Defendant's Notice of Removal filed January 16, 2013.

3.     Exhibit C: Copy of the CBA between Paragon Systems Incorporated and the International Union, Security, Police, and Fire Professionals of America and its affiliated Local 52, effective August 31, 2011 through November 13, 2014. This document was previously attached to Defendant's Notice of Removal filed January 16, 2013.

4.     Exhibit D: Copy of the CBA between Paragon Systems Incorporated and the United Government Security Officers of America, International Union, and its affiliated Local

330, effective December 22, 2012 through December 21, 2013. This document was produced by Defendant on May 22, 2013. (Dec. of Matthew Butler, ¶ 3.)

5. Exhibit E: Copy of the preamble between Paragon Systems Incorporated and the International Union, Security, Police, and Fire Professionals of America and its affiliated Local 52, effective August 1, 2010 through September 30, 2013. Defendant produced this document on May 22, 2013. (Dec. of Matthew Butler, ¶ 3.)

6. Exhibit F: Copy of the Amendment to the Agreement between Paragon Systems Incorporated and the International Union, Security, Police, and Fire Professionals of America and its affiliated Local 52, effective August 1, 2010 through September 30, 2013. Defendant produced this document on May 22, 2013. (Dec. of Matthew Butler, ¶ 3.)

The documents marked as Exhibits A-F have been authenticated and are undisputed; therefore, the Court takes judicial notice of Plaintiff's exhibits.

### b. Defendant's 29th, 35th Affirmative Defenses

Plaintiffs argue that Defendant's 29th and 35th affirmative defenses are insufficient. Both defenses are based on the CBA exception to Labor Code §§ 510 and 512(a) found in Labor Code §§ 512(e) and 514, respectively. Labor Code § 514 provides as follows:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."

Labor Code § 514.

Labor Code § 512 provides:

> Subdivisions [512](a) and (b) do not apply to an employee specified in subdivision (f) if both of the following conditions are satisfied:
>
> (1) The employee is covered by a valid collective bargaining agreement.
>
> (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay not less than 30 percent more than the state minimum wage rate.

Labor Code §514. Plaintiffs contend that the CBAs are inadequate because they do not expressly provide for overtime wages. Plaintiffs' reasoning rests on an interpretation of the CBAs. But the validity of the CBAs are not at issue at this time, but the sufficiency of the defense is. There are threshold issues of fact and law as to whether the CBAs provide an exception to Labor Code §§ 510 and 512(a). A motion to strike is not to decide the merits of a case, but rather to decide whether the defenses asserted are so implausible that they are insufficient to preclude Defendant from liability.

The authority Plaintiffs cite rests on the subtleties of the CBAs in the individual cases. In particular, Plaintiffs rely on *Gregory v. SCIE, LLC*, 317 F.3d 1050 (9th Cir. 2003). In *Gregory*, there was no dispute over the interpretation of the CBAs. *Id.* at 1053. This is not the case here. Defendant has sufficiently presented a plausible argument that the CBAs' terms may provide an exception to Plaintiffs' claims. Therefore, the Court will not strike the 29th and 35th affirmative defenses as insufficient.

Additionally, Plaintiffs move to strike Defendant's 29th and 35th defenses as insufficient because a CBA cannot functionally negotiate away state law protections. Specifically, Plaintiffs argue that the CBAs redefine overtime in a manner inconsistent with Section 510. Plaintiffs interpret the law to mean that Defendant must provide the same premium pay as state law, and Defendants contend otherwise. As noted, whether or not the CBAs adhere to the labor protection laws is a question on the merits of the case that cannot not be decided at this time. Defendant has sufficiently presented cases and other relevant authority to counter Plaintiffs' argument for the Court to deny Plaintiffs' motion to strike Defendant's 29th and 35th affirmative defenses.

### c. Defendant's 28th Affirmative Defense

Plaintiffs also contend that Defendant's 28th affirmative defense is insufficient and immaterial because Plaintiffs' claims are not preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. § 185). Defendant disagrees, arguing that the defense is sufficient because the claim requires interpretation of the CBAs. Section 301 of the LMRA governs claims founded directly on the rights created by collective-bargaining agreements, and is "substantially dependent on the analysis of a collective-bargaining agreement." *Caterpillar Inc. v. Williams*, 482

U.S. 386, 394 (1987). This analysis relies on the §§ 512(e) and 514 exemptions. If the exemptions apply, then the violations are not applicable. Analysis of the CBAs, Plaintiffs' wage statements, and testimony are all required to interpret whether or not a violation of §§ 510(a) and 512(a) exists, or if they are preempted by § 301 of the Labor Management Relations Act. Questions of substantive law are not intended to be resolved in a motion to strike. Plaintiffs' have failed to show that there is no set of circumstances in which Defendant can prevail. *See SEC v. Sands* 902 F.Supp 1165 (C.D. Cal. 1995) (in moving to strike affirmative defense as insufficient, plaintiff must demonstrate that under no set of circumstances could defense succeed). Furthermore, Plaintiffs have not shown that Defendant's 28th affirmative defense is immaterial because they have not demonstrated that the defense "could have no possible bearing on the subject matter of the litigation." *Terry v. McBride*, 2009 U.S. Dist LEXIS 89736 at *30 (S.D. Cal. 2009).

**4.      Conclusion and Order**

Plaintiffs have failed to meet their burden to prove that Defendant's affirmative defenses are "insufficient" or "immaterial." There are a variety of circumstances within which Defendant may prevail on its defenses. Accordingly, Plaintiff's motion to strike Defendant's 28th, 29th, and 35th affirmative defenses in the First Amended Answer is hereby **DENIED.**

**IT IS SO ORDERED.**

DATED: July 8, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL