UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUZ MIRELES, WALTER BULLOCK, ALFONSO DOMINGUEZ, JEFFREY EASLEY, GREGORY ESCOBEDO, BARRY FELDMAN, MANNY GARCIA, ANTHONY JENKINS, MARTIZA LADRON, JAMES BENNETT, ROBERT NOWSEILSKI, GUSTAVO RIVERA, VERNON TENNIS, *on behalf of themselves and all others similarly situated*,<br><br>                                    Plaintiff,<br><br>        v.<br><br>PARAGON SYSTEMS, INC., *a California Corporation*; DOES 1 thru 50, inclusive,<br><br>                                    Defendant. | Civil       13-CV-122-L (BGS)<br>No.<br><br><br><br><br><br><br>**ORDER GRANTING *EX PARTE* MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>**[ECF No. 77.]** |

## I.  INTRODUCTION

On December 17, 2013, counsel for both parties contacted the Court per this Court's Chambers' Rules regarding a scheduling dispute. Plaintiffs request a modification of the current scheduling order to extend the deadline for filing a motion to amend the operative First Amended Complaint in this action ("FAC").  The deadline set forth in the current scheduling order for filing a motion to amend was May 13, 2013.  Nevertheless, during the joint call with the Court in December, Plaintiffs stated new information about Defendant's policy requiring employees to take their firearms home was elicited in discovery. According to the parties, the

document setting forth this policy was produced on July 15, 2013, and deposition testimony regarding the policy was taken in September of 2013.

Plaintiffs filed their motion to modify the scheduling order to file a Second Amended Complaint on December 23, 2013.  [ECF No. 77.]  Defendant argues good cause does not exist to modify the scheduling order because Plaintiff was not diligent in seeking modification. Defendant filed its opposition brief on December 27, 2013. [ECF No. 78.]

## II.  FACTUAL BACKGROUND

On April 12, 2013, the Court held a Case Management Conference ("CMC").  A joint discovery plan was lodged with the chambers of Judge Skomal on April 15, 2013, and on April 16, 2013, the Court issued a scheduling order following the CMC setting a deadline of May 13, 2013 by which to file a motion to join other parties or amend the pleadings. [ECF No. 17 at 1.]

On July 15, 2013, Defendant Paragon produced a document entitled "Paragon Systems, Firearms Issue/Transport Policy".  On July 17, 2013, the parties filed a joint motion to continue the class certification filing deadlines listed in the Court's April 16, 2013 Order. [ECF No. 47.] On July 24, 2013, the Court granted the joint motion continuing the motion for filing a class certification motion to October 21, 2013. [ECF No.48.]

On September 10, 2013, Defendant's 30(b)(6) witness, Daniel Sims, was deposed. Plaintiff's counsel questioned Mr. Sims about the "Paragon Systems, Firearms Issue/Transport Policy" document and whether Paragon pays employees for time spent commuting.

On October 16, 2013, following a teleconference with the chambers of Judge Skomal, the Court granted a short continuance of the class certification filing deadline.  On October 16, 2013, counsel for the parties also discussed *(among themselves)* Plaintiffs' desire to file an amended complaint to include a new claim seeking compensation for employee commute time.

On November 5, 2013, during a joint teleconference with Judge Skomal's chambers to discuss a further continuance of the class certification filing deadline, Plaintiffs' counsel raised the issue of filing an amended complaint.  While opposing counsel indicated Defendant would be willing to agree to the filing of an amended complaint to dismiss three named plaintiffs and add Michael Corner as a named plaintiff, it refused to stipulate to a substantive amendment

adding a new cause of action.  The parties were informed thereafter that Judge Skomal would not continue the deadline for filing the class certification motion for a second time on the grounds that Plaintiffs would seek to amend the First Amended Complaint.  Plaintiff filed their motion for class certification on November 11, 2013. [ECF No. 66.]  The instant motion to modify the Court's scheduling order under Rule 16 of the Federal Rules of Civil Procedure was filed on December 23, 2013. [ECF No. 77.]

## III.  STANDARD OF REVIEW:  Modification of Scheduling Order

In general, the dates and times set in the scheduling order will not be modified except for good cause shown.  *See* Fed. R. Civ. P. 16(b)(4) (stating "A schedule may be modified only for good cause and with the judge's consent.").  "When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing '(1) that [it] was diligent in assisting the court in creating a workable Rule 16 order; (2) that noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [it] could not comply with the order.' " *Hood v. Hartford Life and Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1225-26 (citing *Jackson v. Laureate, Inc.*, 187 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted)).

In addition, when any motion to extend time is made *after* time has expired, Rule 6 requires the parties to address excusable neglect.  *See* Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.")  Nevertheless, "[a]n attorney's excusable neglect does not constitute, for the purposes of Rule 16(b)'s requirements, good cause shown."  *Arnold v. Kruse*, 232 F.R.D. 58, 65 (W.D. N.Y. 2004) (citing *Carnite v. Granada Hospital Group, Inc.*, 175 F.R.D. 439, 447 (W.D.N.Y. 1997).  Accordingly, "a party moving to amend a pleading after a scheduling order deadline has passed must support the motion by demonstrating both excusable neglect and good cause."  *See Weil v. Carecore Nat'l, LLC*, 2011 WL 1938196, at *2

(D. Colo. May 19, 2011).  In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court established a four-part balancing test for determining whether there has been excusable neglect. The four factors are: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.  *Id*.  The weight assigned to the various *Pioneer* factors is left to the court's discretion.  *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

## IV.  DISCUSSION

### A.  Good Cause

Plaintiffs contend they have good cause to support their request for a modification of the scheduling order's May 13, 2013 amendment filing deadline because they were not in possession of the "Paragon Systems, Firearms Issue/Transport Policy" until July 15, 2013 and were not able to question Defendant's 30(b)(6) witness until September 10, 2013 about whether employees commuting with a firearm were compensated for their travel time.  Clearly the post-May date of the written policy's production, as well as the even later date of Defendant's 30(b)(6) deposition, make compliance with the May 13, 2013, deadline a temporal impossibility that was unforseen at the time the scheduling order was issued on April 16, 2013.

Defendant, however, takes issue not with the first and second factors[1] considered by the Court on a showing of good cause, but with the third factor; "that [Plaintiff] was diligent in seeking amendment of the Rule 16 order, *once it became apparent that [it] could not comply* with the order.' " *Hood v. Hartford Life and Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1225-26 (citing *Jackson v. Laureate, Inc*., 187 F.R.D. 605, 608 (E.D. Cal. 1999) (citations

---

[1]"When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing '(1) that [it] was diligent in assisting the court in creating a workable Rule 16 order; (2) that noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference....' " *Hood v. Hartford Life and Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1225-26 (E.D. Cal. 2008).

omitted)(emphasis added).  Specifically, Defendant argues at the earliest, Plaintiffs were considering amending the FAC in the beginning of September 2013, after the 30(b)(6) witness deposition.  But at the very latest, Defendant argues Plaintiffs should have raised their intention to amend the FAC at the October 16, 2013 teleconference with the Court after which the Court granted a short continuance of the class certification filing deadline on unrelated grounds. Defendant contends Plaintiffs' initial delay in not raising the issue with the Court until November 5, 2013 and further delay in not filing a motion for modification until December 23, 2013, does not demonstrate diligence in seeking modification when it became apparent the scheduling order would need to be revised if a motion to amend the FAC was to be filed.

Plaintiffs argue they waited until November 5, 2013, to inform the Court of their intention to amend the FAC to add a new cause of action because they had just learned Defendant would *only* stipulate to an amendment which dismissed the three named plaintiffs and added a new named plaintiff.  Plaintiffs further argue that after the Court instructed the parties that the deadline for filing the class certification motion would not be extended for a second time in order to file a motion to amend, they filed their motion for class certification as required on November 11, 2013 and filed the instant motion for scheduling order modification in December of 2013.

Based on Plaintiffs' representation that they were in the process of preparing an amendment to the FAC in October and communicating with Defendant to achieve a stipulation to the proposed amendment before the class certification deadline, the Court finds good cause exists to modify the scheduling order to allow Plaintiffs to seek leave to file a motion to amend the FAC.  While the pace with which Plaintiff moved was not as efficient as it could have been, it was not outside the realm of reasonable practice in light of their attempts to negotiate a stipulation with respect to the amendment.

**B.  Excusable Neglect**

As explained above, the Court applies the four-part balancing test articulated in *Pioneer*, 507 U.S. at 395, to determine whether there has been excusable neglect.

### 1.  Danger of prejudice to the non-moving party

Defendant urges the Court to deny modification of the scheduling order arguing they are prejudiced by the amount of extensive discovery the parties have already done and the fact that Plaintiffs' class certification motion has already been filed.  Defendant suggests that allowing Plaintiffs to move for leave to amend the FAC would essentially reset the clock on this litigation requiring new and voluminous discovery, depositions and class certification briefing.  Defendant, however, has jumped one step ahead to arguing the propriety of Plaintiff's proposed amendment and its consequences.  The motion before this Court asks narrowly for the opportunity to file a motion to amend.  Whether Plaintiffs asked for a modification of the scheduling order in October of 2013 or December of 2013, as they did, in order to file a motion to amend  makes no difference in the Court's analysis as the bulk of depositions and written discovery to which Defendant points had already been conducted and would need to be supplemented regardless.  There is no prejudice to Defendant in assigning Plaintiffs a date by which to file a motion to amend the FAC.  Therefore, this factor weighs in favor of allowing modification of the scheduling order.

### 2. Length of the delay and its potential impact on judicial proceedings

At the time Plaintiffs' motion for modification of the scheduling order was filed, class certification briefing was underway.  Defendant, therefore, argued that to prepare briefing opposing a motion to amend would negatively affect their ability to also prepare an opposition to Plaintiffs' motion for class certification.  However, while the instant motion for modification of the scheduling order was pending, Defendant filed its opposition brief to the class certification motion, rendering this argument moot.  [ECF No. 85.]  Accordingly, providing a file-by date for Plaintiffs' proposed motion to amend the FAC will not impact Defendant's class certification briefing.  If the Court does find the Pioneer factors weigh in favor of allowing a modification of the scheduling order, the Court may also reduce the impact on judicial proceedings by requiring Plaintiffs to file their motion to amend within a short time after receiving this Court's decision regarding modification.

### 3. Reason for the delay

As addressed above in the Court's analysis of good faith, Plaintiffs have satisfactorily demonstrated they could not have complied with the May 13, 2013 amendment deadline when the evidence to support a new claim was not compiled until September of 2013.  The Court also finds Plaintiffs were reasonable in their attempts to negotiate a stipulation with Defendant to amend the FAC in October and November of 2013 before moving to modify the scheduling order in December of 2013.  Accordingly, the reason-for-the-delay factor has a neutral to positive impact on the Court's balancing of interests.

### 4. Whether the moving party's conduct was in good faith

Plaintiffs seek to add one new claim and a new class representative to this action. Liberality in granting leave to amend pleadings is not dependent on whether amendment will add causes of action or parties; however, "it is subject to the qualification that the amendment not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility."  *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1981). There is no evidence of bad faith by the Plaintiffs that would weigh against allowing Plaintiffs to move to amend the First Amended Complaint.

## V.  CONCLUSION AND ORDER THEREON

Plaintiffs have demonstrated the good cause and excusable neglect necessary to allow modification of the scheduling order.  **IT IS HEREBY ORDERED** that the April 16, 2013 scheduling order is modified to allow Plaintiffs to file their motion for leave to amend the First Amended Complaint **no later than February 18, 2014**.  Plaintiffs are ORDERED to contact the chambers of the Hon. M. James Lorenz to schedule a hearing date on the motion.

DATED:  February 11, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court

7