UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUZ MIRELES, *et al.,* on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>PARAGON SYSTEMS, INC.,<br><br>                Defendant. | Civil No. 13cv122 L (BGS)<br><br>**ORDER DENYING MOTION TO FILE SECOND AMENDED COMPLAINT** [doc. #92] |

Plaintiffs move to file a second amended complaint in this action. Defendant opposed the motion and plaintiffs have not filed a reply memorandum in support of their motion. The motion is determined on the papers submitted without oral argument.

**A.     Background**

This action was originally filed in the Superior Court of the State of California, in and for the County of San Diego. Defendant removed the action on January 16, 2013, on the basis of the existence of a federal question, *i.e.,* the relief sought arises under and is completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Class Action Fairness Act of 2005 (CAFA).

Plaintiffs served defendant with their first amended complaint on January 10, 2013. The FAC asserts eight causes of action: (1) failure to provide meal periods; (2) failure to provide rest

break premium pay; (3) failure to pay overtime premium pay; (4) failure to indemnify/ reimburse; (5) failure to provide accurate itemized wage statements; (6) failure to promptly pay wages owed; (7) unfair, fraudulent and unlawful business practices; and (8) violation of the California Private Attorney General Act of 2004. (*See* FAC, Exh. G to Notice of Removal.)

On May 6, 2013, Paragon gave notice of related case, *Corner v. Paragon Systems,* which was removed to this Court on May 1, 2013. Having reviewed the notice of related case, the Court issued an order to show cause why the *Mireles* and *Corner* actions should not be consolidated. [doc. #32]. After briefing, the Court found consolidation was not warranted because the resolution of the cases would be inherently individualized: "different defenses will be asserted against different plaintiffs, in large part because the named plaintiffs in the *Mireles* case are or were subject to collective bargaining agreements but the *Corner* plaintiff was not subject to a CBA." (Order filed 8/8/13.)

Defendant filed an amended answer to the FAC on May 13, 2013. Plaintiffs then filed a motion to strike three of defendant's affirmative defenses from the FAC. The motion was denied.

A Case Management Conference Order was issued on April 16, 2013 which fixed the dates for amending the pleadings, filing of a motion for class certification, and the filing of defendant's motion for partial summary judgment. [doc. #17]

Thereafter, the parties jointly requested an extension of the dates which the Court granted. [doc. #48] Defendant's motion for partial summary judgment and plaintiffs' motion for class certification were continued to October 21, 2013. Plaintiffs then filed an ex parte motion for a 30-day continuance of the motion for class certification deadline. [doc. #59] The Court extended the deadlines for both the motion for class certification and for the motion for summary judgment until November 11, 2013. [doc. #59] None of these requests for extensions of time mention the possibility of plaintiffs amending the complaint.

Defendant filed its motion for partial summary judgment on November 6, 2013 [doc. #63] The basis of defendant's motion, which remains pending, is that California Labor Code §§ 514 and 512(e) exempt employees covered by a valid CBA from state overtime and meal period

requirements, and plaintiffs' first and third causes of action are preempted by Labor Management Relations Act § 301. As indicated in plaintiffs' motion for class action, "[t]he majority, in not all, of Defendant's California employees are members of unions, covered by one of four Collective Bargaining Agreements." (Plfs' Mtn for Class Cert., Ps&As at 5-6.) It appears that all currently named plaintiffs in the present action are covered under qualifying Collective Bargaining Agreements.

Also pending is plaintiffs' motion for class certification which was filed on November 11, 2013. [doc. #66]

At the direction of the magistrate judge, on December 23, 2013, plaintiffs filed an ex parte motion to modify the scheduling order to allow plaintiffs to file a motion to amend the FAC. The Case Management Plan set the deadline to amend the complaint for May 13, 2013. The Court granted the ex parte motion to amend the scheduling order. Accordingly, plaintiffs have filed the present motion to amend the FAC.

In seeking leave to file a second amended complaint, plaintiffs propose to add Michael Corner as a class representative and removing Barry Feldman, Robert Nowosielski,[1] and Vernon Tennis as named party plaintiffs. The SAC would add one substantive claim brought under California Labor Code §§ 204, 1194, 1194.2, 1197 and the applicable Wage Order. The proposed commute time claim asserts that all Paragon security officers are required to transport employer-provided firearms directly to their home without engaging in personal activities, but are not paid for this time.

**B.     Legal Standard**

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *see also, e.g., Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(This policy is "to be applied with extreme liberality."); *Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (leave to

---

[1] Plaintiff Nowosielski would be dismissed with prejudice from this action while Feldman and Tennis would remain members of the class.

amend granted with "extreme liberality"). Leave to amend is ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. Pacific Properties and Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). These factors are not equally weighted: "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

When a court has already granted a plaintiff leave to amend, its discretion is deciding subsequent motions to amend is "particularly broad." *Chodos*, 292 F.3d at 1003 (citation omitted).

**C.     Discussion**

    **1.     Commute Time Claim**

        **a.     Undue Delay**

It is undisputed that at the time plaintiffs' motion for class certification was filed on November 11, 2013, plaintiffs' knew of their potential commute time claim and the existence of the *Corner* case that had already been deemed not suitable for consolidation with this case. Plaintiffs state in their motion to amend that "[o]n July 15, 2013, Defendant Paragon produced a document entitled 'Paragon Systems Firearms Issue/Transport Policy.'" (Pltfs' Ps&As in support of motion for leave to amend at 1.) Plaintiffs took the deposition of Daniel Sims, defendant's 30(b)(6) witness, on September 10, 2013, and inquired about the commute time policy. Thus, plaintiffs knew of the potential new claim as early as July 15, 2013 and at the latest September 10, 2013. Nevertheless, plaintiffs did not bring the issue of the possibility of an amendment to the FAC to the magistrate judge's attention until December 17, 2013, [doc. #76] and filed their motion for leave to file a SAC on February 18, 2014.

Defendant contends, appropriately, that permitting the amendment would produce undue delay in the litigation and also complicate the status of the case with discovery needing to be re-conducted, and parties and witnesses re-deposed. Amendment would also require, at a minimum,

an additional motion for class certification and likely other motion practice.

The Court finds that plaintiffs unduly delayed seeking leave to further amend their complaint. But undue delay, standing by itself, is generally insufficient to justify denying a motion to amend. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend.") (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987).

### b.     Undue Prejudice

In the proposed SAC, plaintiffs seek to inject a new cause of action that will undoubtedly require the reopening of discovery and additional motion practice, particularly with respect to class certification. Although plaintiffs contend that defendant would not be unduly prejudiced because the amendment would not require an extension of significant resources, the Court disagrees. Amendment to add a new claim would delay the resolution of the dispute, would require defendant to engage in new discovery or to reopen discovery, and likely require another motion for class certification and dispositive motion practice. A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998).

When weighing the factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here the Court finds and concludes that defendant has carried its burden of showing prejudice under Rule 15: defendant will be unduly prejudiced by the addition of a commute time claim at this stage of the litigation.

### c.     Bad Faith

Plaintiffs offer no justification for their lack of diligence in bringing the commute time claim prior to the filing of their motion for class certification. They knew the time had past for amending their FAC; knew of evidence concerning the potential commute time cause of action from the summer of 2013, and at the latest September 2013; and had multiple opportunities to

raise the potential cause of action with the magistrate judge when seeking extensions of time to file their motion for class certification. Plaintiffs' delay has not been explained. There is no suggestion that plaintiffs have acted reasonably in delaying to bring their motion to amend in a timely manner. Accordingly, there is evidence indicating a wrongful motive on the part of the plaintiffs sufficient to deny leave to amend on the basis of bad faith. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### d. Relation Back Under Federal Rule of Civil Procedure 15(c)(1)(B)

Defendant further argues that if the Court permits amendment, the commute time claims do not relate back to the original complaint. As noted above, plaintiffs did not file a reply memorandum in support of their motion to amend; therefore, they have not addressed the issue of relation back. Because the Court finds and concludes that plaintiffs' request to amend the complaint to add commute time claims is not well taken, the issue of relation back is unnecessary to reach.

### 2. Addition of Michael Corner

Plaintiffs seek to add Michael Corner as a named party plaintiff in the SAC. As noted above, Michael Corner's putative class-action complaint against Paragon was removed to this Court on May 2, 2013, which remains pending. (*See Corner v. Paragon Systems, Inc.,* 13cv1055 L (BGS).) Corner alleges that defendant failed to properly compensate the class members for unpaid wages; to provide them with required rest periods and meal periods; to provide accurate itemized wage statement; to pay overtime hours; and violated California Business & Professions Code §§ 17200-17208. Plaintiff Corner also brings a Private Attorneys General Act Claim under Labor Code §§ 2698, *et seq.* (Notice of Removal, Complaint, Exh. A.)

The Court previously found that consolidation of the *Corner* and *Mireles* actions was unwarranted because of the significant difference in the defenses that would be asserted in each case. The *Mireles* plaintiffs are or were subject to collective bargaining agreements while Corner is not subject to the CBA.

At this point, the defendant in *Mireles* has sought partial summary judgment on claims that are exempt from the Labor Code because of the CBAs. The motion for class certification

addresses plaintiffs who were or are bound by CBAs, which does not include Corner. The addition of a new plaintiff who is not covered by a CBA, after a motion for class certification and motion for partial summary judgment are fully briefed and pending would unfairly prejudice Paragon. Accordingly, the Court will deny plaintiffs' motion to add Michael Corner as a named plaintiff in this action.

### 3. Dismissal of Tennis, Feldman and Nowosielski

Defendant indicates that it is not opposed to Robert Nowosielski being dismissed with prejudice from the action and the removal of Barry Feldman and Vernon Tennis as named party plaintiffs while remaining members of the class.

## D. Conclusion

Balancing all the factors in determining whether leave to amend the complaint is proper, the Court finds plaintiffs have acted in bad faith, will unduly delay this action if amendment is granted, will cause prejudice to defendant, and have previously amended the complaint. Thus, notwithstanding the extreme liberality with which courts must apply Rule 15, here nearly all of the relevant factors weigh strongly against granting leave to amend to add a new substantive claim and to add Michael Corner as a named party plaintiff in this action.

Based on the foregoing, **IT IS ORDERED**:

1. Plaintiffs' motion for leave to file a second amended complaint is **DENIED**;
2. Plaintiff Robert Nowosielski is **DISMISSED WITH PREJUDICE** from this action; and Barry Feldman and Vernon Tennis will no longer serve as named party plaintiffs but will remain members of the class.

**IT IS SO ORDERED.**

DATED: June 16, 2014

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE
ALL PARTIES/COUNSEL